UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
RHA TRADING INC. d/b/a RHA GROUP,                           :
                                                            :
             Plaintiff,                                     :
                                                            :         06 Civ. 7126 (GEL)
       -v-                                                  :
                                                            :         **OPINION AND ORDER**
                                                            :
LNM TROPICAL IMPORTS, LLC, ABRAHAM                          :
HARRISON a/k/a MICHAEL HARRISON,                            :
LEONTIOS SPLINIS, and ROBERTO SOTO,                         :
                                                            :
             Defendants.                                    :
                                                            :
------------------------------------------------------------x

Karel S. Karpe, White and Williams LLP,
New York, NY, for plaintiff.

Jerasimos Papapanayotou, Esq., Long Island City,
NY, for defendants.

GERARD E. LYNCH, District Judge:

  Plaintiff RHA Trading Inc. ("RHA") brings this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a et seq., seeking enforcement of a default reparation order entered by the United States Department of Agriculture ("USDA") against defendant LNM Tropical Imports, LLC ("LNM"), see id. § 499g(b), for nonpayment of a debt allegedly owed to plaintiff for arranging the delivery and sale of a truckload of pineapples to LNM. RHA also asserts claims pursuant to PACA's trust provisions, see id. § 499e(c), as well as ancillary claims under New York State law for breach of contract and account stated, against LNM, its two managing owners, and a broker who purportedly negotiated the pineapple transaction on behalf of LNM. RHA now moves for summary judgment on all of its claims. For the reasons discussed below, the motion will be denied.

## BACKGROUND

RHA, a licensed dealer under PACA, is engaged in the import/export of wholesale quantities of perishable fruits and vegetables. (P. Rule 56.1 Stmt. ¶ 2; id. Ex. 4, Armstrong Aff. ¶ 2.) LNM, which is owned and managed by defendants Leontios Splinis and Abraham Harrison, was a PACA-licensed wholesaler at the time of the pineapple transaction at issue. (Id. ¶¶ 3-5.) Defendant Roberto Soto operates an import-export company and negotiates produce deals on behalf of wholesalers. (Id. ¶ 6.)

RHA alleges that, on or about April 29, 2004, it arranged for a shipment of pineapples at LNM's request from a grower in Ecuador to the port of New Jersey. (Id. ¶ 7; Armstrong Aff. in Support of P. Reply ¶ 4.) As evidence of LNM's role in the shipment, RHA points to a bill of lading that lists LNM as the consignee for "1,400 boxes [of] fresh pineapples." (P. Rule 56.1 Stmt. Ex. 1, Ex. B.) According to RHA, Soto acted as agent for LNM in negotiating the terms of the pineapple transaction with RHA. (See id. ¶ 8.) On May 7, 2004, RHA issued an invoice of $12,600 to LNM for the pineapple shipment. (Id. Ex. 1, Ex. A.) To date, neither LNM nor any other defendant has paid any portion of the invoice to RHA. (Id. ¶¶ 20-23.)

On August 4, 2004, RHA lodged an informal complaint with the USDA against LNM seeking the full invoice amount. (Id. Ex. 5, Ex. D.) In response, Soto submitted a letter to the USDA stating that he had arranged the pineapple deal for his own account and that, "[i]n reality, LNM had nothing to do with" the transaction. (Id. Ex. 5, Ex. F.) Soto also claimed that he had prepaid for the pineapples in March 2004 by wiring a payment of $20,000 directly to the grower in Ecuador. (Id.) RHA submitted its own letter contending that Soto brokered the pineapple transaction on behalf of LNM, that he had represented other wholesalers in prior deals with

2

RHA, and that the grower in Ecuador was asserting a claim against RHA for nonpayment for the produce. (Id. Ex. 5, Ex. C.) The USDA subsequently issued an informal opinion ruling in favor of RHA. (Id. Ex. 5, Ex. H.)

When LNM persisted in its refusal to pay, RHA filed a formal complaint with the USDA in late December 2004. (Id. Ex. 5, Ex. J.) Shortly thereafter, the USDA Regional Director filed a report of investigation which found, inter alia, that LNM held a valid PACA license at the time of the pineapple transaction which subsequently expired in June 2004. (Id. Ex. 5, Ex. K.) On February 22, 2005, in the absence of any further response from LNM, the USDA Secretary issued a default order adopting the findings of fact alleged in RHA's formal complaint. (Id. Ex. 5, Ex. L.) The reparation order directed LNM to pay $12,600 (plus 10% interest) to RHA, and to reimburse RHA for the $300 filing fee. (Id.) When LNM still refused to make any payments to RHA, the USDA issued a letter in March 2005 barring LNM from operating in the produce industry or obtaining a PACA license, and prohibiting its owners from being employed or affiliated with any other licensee. (Id. Ex. 5, Ex. M.)

On September 30, 2005, RHA filed an action in the Southern District of New York seeking enforcement of the USDA reparation order against LNM. (Id. ¶ 42.) RHA also asserted claims under PACA's trust provisions and New York State law against LNM, Harrison, Splinis, and Soto. (Id.) After the case was dismissed without prejudice, see Dismissal Order (Doc. #22), RHA Trading v. LNM Tropical Imports, No. 05 Civ. 8464 (PKC) (S.D.N.Y. Aug. 28, 2006) (dismissing complaint pursuant to Fed. R. Civ. P. 12(b)(2), (b)(4), and (b)(5)), RHA filed the instant action on September 15, 2006. RHA now moves for summary judgment on all claims against all defendants.

# DISCUSSION

I. <u>Summary Judgment</u>

    A.    <u>Legal Standard</u>

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's responsibility is to determine if there is a genuine issue to be tried, and not to resolve disputed issues of fact. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). The Court must draw all reasonable inferences and resolve all ambiguities in the nonmoving party's favor, and construe the facts in the light most favorable to the nonmoving party. <u>Id</u>. at 254-55. However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id</u>. at 249-50 (citations omitted).

The party seeking summary judgment bears the burden of showing that no genuine factual dispute exists. <u>See</u> <u>Cronin v. Aetna Life Ins. Co.</u>, 46 F.3d 196, 202 (2d Cir. 1995). Once the moving party has made a showing that there are no genuine issues of material fact, the burden shifts to the nonmoving party to raise triable issues of fact. <u>Anderson</u>, 477 U.S. at 250. A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the nonmoving party. <u>Id</u>. at 248.

    B.    <u>Genuine Issues of Material Fact Preclude Summary Judgment</u>

The centerpiece of RHA's case is its allegation that Soto ordered the subject shipment of pineapples, representing that he was acting as agent for LNM. Soto, however, submits an affidavit denying that he ever made such a representation, and indeed, denying that he ever dealt

4

with plaintiff at all, but rather dealt directly with the grower of the pineapples in Ecuador. (Soto Aff. ¶¶ 3-6.) The two managing owners of LNM also submit affidavits denying the existence both of any agency relationship between LNM and Soto, and any contractual relationship between LNM and RHA. (Splinis Aff. ¶¶ 2-3, 13-15; Harrison Aff. ¶¶ 2, 8.) RHA understandably disputes the credibility of defendants' representations and submits its own affidavits contradicting defendants' statements (see Armstrong Aff. in Support of P. Reply ¶¶ 5-6; P. Rule 56.1 Stmt. Ex. 4, Armstrong Aff. ¶¶ 4-7), but all of its many arguments are simply assertions that the factfinder should accept its version of events and reject defendants' version. Since the critical factual issues in the case are disputed, trial is required and summary judgment must be denied.

The entry of a USDA reparation order against LNM does not alter this conclusion. In a district court proceeding pursuant to 7 U.S.C. § 499g(b) seeking enforcement of an order of the Secretary of Agriculture, "the merits of the claim are determined *de novo* except that the findings and order of the Secretary constitute *prima facie evidence* of the facts recited." O'Day v. George Arakelian Farms, Inc., 536 F.2d 856, 859 n. 3 (9th Cir. 1976) (emphasis added); see 7 U.S.C. § 499g(b) (providing that enforcement suits filed in district court "shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated"); see also United Potato Co., Inc. v. Burghard & Sons, Inc., 18 F. Supp. 2d 894, 896-97 (N.D. Ill. 1998). Because a § 499g(b) enforcement suit "must proceed as a trial de novo," Finest Fruits, Inc. v. Exportal Ltda., No. 93 Civ. 360, 1993 WL 541663, at *2 (S.D.N.Y. Dec. 30, 1993), the Secretary's factual findings are not entitled to deference, cf. Koam Produce, Inc. v. DiMare Homestead, Inc., 329 F.3d 123, 128 (2d Cir. 2003),

5

and the reparation order "does not 'take away the right of either party to introduce any pertinent or relevant evidence.'" Lee Loi Indus., Inc. v. Impact Brokerage Corp., 473 F. Supp. 2d 566, 568 (S.D.N.Y. 2007), quoting Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029, 1033 (D.C. Cir. 1988), quoting Spano v. Western Fruit Growers, 83 F.2d 150, 152 (10th Cir. 1936). This is particularly true where, as here, the Secretary's reparation order is simply a default order adopting the facts alleged in plaintiff's formal complaint. (See P. Rule 56.1 Stmt. Ex. 5, Ex. L.)

In this case, the "prima facie effect given to the Secretary's findings" in the reparation order "do nothing more than satisfy [RHA's] burden of production under Rule 56." Lee Loi, 473 F. Supp. 2d at 568 (internal quotation marks omitted); see Genecco Produce, Inc. v. Sandia Depot, Inc., 386 F. Supp. 2d 165, 172 (W.D.N.Y. 2005). As explained above, defendants have adduced sufficient evidence to create genuine — indeed, critical — issues of material fact for trial, including whether Soto acted as an agent on behalf of LNM in his dealings (if any) with RHA, whether a contractual relationship existed between LNM and RHA, and whether Soto satisfied his financial obligations for the pineapple shipment by wiring payment directly to the grower in Ecuador. Given the existence of these and other issues of fact central to plaintiff's claims, RHA's motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, RHA's motion for summary judgment (Doc # 15) is denied.

SO ORDERED.

Dated: New York, New York
December 18, 2007

GERARD E. LYNCH
United States District Judge

6